IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**UNITED STATES OF AMERICA**

vs.                                                                         **CAUSE No.: 3:23-CR-117-HTW-ASH-2**

**DARIUS JACOBY POWELL**                                                **DEFENDANT**

### ORDER DENYING MOTION TO TRAVEL

**BEFORE THIS COURT** is [Docket 68], a "Motion for Permission to Briefly Leave the State of Mississippi" by Defendant Darius Jacoby Powell ("Powell"). Powell presently is set for jury trial on April 1, 2025. Powell is out-of-custody while awaiting trial, subject to conditions of release, including that he "remain in the State of Mississippi at all times" absent special permission from this Court. [Docket 30].

Powell asks to accompany "immediate family (wife, daughter, mother, and father)" on a "Spring Break vacation" to Foley, Alabama, thereby leaving the state from March 13 through March 16, 2025. Powell also notes that "[d]epending on the weather," he "may then travel with his family to the beaches of Alabama for a short visit during the trip." Neither the Government, nor Powell's U.S. Probation Officer, objects.

Powell was indicted by grand jury for conspiring with his brother to distribute, and possess with intent to distribute, 500 grams or more of controlled substances (a charge which, according to the government, carries up to 40 years of imprisonment upon conviction); possessing, with intent to distribute, 500 grams or more of controlled substances (up to 40 years); and possessing a firearm in furtherance of a drug trafficking crime (at least 5 years).

The trip Powell proffers also is impermissibly vague as to warrant granting. Powell does not explain his method of transport to Foley, Alabama (including by identifying the vehicle he would be taking); does not identify whether he is meeting with additional family or friends in Alabama; does not identify the address at which he will stay during the trip; does not identify when and where he will travel for his "short visit" to the beach; does not warrant that he will not enter any type of sea-faring vessel while at the Gulf Coast; does not offer submission to any form of location-monitoring; etc.

Powell remarks that "similar permission was granted to Powell to travel briefly during Spring Break of 2024," but he does not provide any further details on this point. Since then, this Court is not aware of violations of pretrial conditions by Powell; but, for the purposes of ruling on a motion to travel, courts need not take "a defendant's compliance with conditions of pretrial release [as] new, material information sufficient to reopen a detention hearing or allow a court to proceed to the merits of a petition to modify conditions of pretrial release." *United States v. Chambers*, No. 23-20009-DDC, 2023 WL 8254523, at *2 (D. Kan. Nov. 29, 2023) (quoting *United States v. Gay*, No. 4:20-cr-40026-JES-JEH, 2020 WL 5983880, at *2 (C.D. Ill. Oct. 7, 2020)).

One piece of information that *is* new, at least since "Spring Break of 2024," is that Powell's co-defendant, his brother, has pled guilty under the indictment in this matter as of February 14, 2025. This Court knows not whether the government intends to call the brother to testify against Powell in this matter, but the shadow of such a specter certainly has fallen over this family.

This Court additionally is concerned because the immediate family members, which Powell proffers as attendees on this trip, are linked to—and seemingly might be possible witnesses in—these proceedings. At a hearing held by this Court on February 3, 2025, Powell complained of a supposedly "illegal," warrantless search conducted on his home in this matter. Powell

remarked that his mother and father lived next door to said home and that they were interacting with law enforcement during this search. Powell also contended that cash money belonging to his father was seized by law enforcement, and that not all of it was returned. The mother's and father's supposed residence being proximate to an alleged stash house in this matter, at which their sons purportedly trafficked in drugs, as well as their presence during—and possible personal knowledge of—events which may end up the subject of an evidentiary hearing or trial, gives this Court great pause as to permitting Powell to travel with them out of state so close to trial.

This Court, having considered this request contextually with the record, **DENIES** this motion. In so doing, this Court makes findings that Powell would be a flight risk if allowed to travel outside the State of Mississippi and that the intended trip risks frustrating justice in these proceedings. Permitting Powell to go on an unsupervised "vacation," so close to the scheduled trial, with potentially involved persons, shortly after his co-defendant has pled guilty, is too risky. He implies he will take a trip to an unspecified location at an unspecified time to a coast which empties onto international waters, after a grand jury has indicted him on drug- and firearm- charges with large potential prison sentences. This Court, to arrive at this ruling, has reviewed then-Magistrate Judge F. Keith Ball's decision to impose this out-of-State travel condition on Powell, and finds it warranted, and in compliance with 18 U.S.C. § 3142(c)(1)(B)'s aim to impose "the least restrictive" conditions designed to "reasonable assure the appearance of" Powell at trial, "the safety of … the community," and the legitimacy of these proceedings. The motion is **DENIED**.

SO ORDERED this the  11th  day of      March     , 2025.

/s/ HENRY T. WINGATE
**UNITED STATES DISTRICT COURT JUDGE**